Collins, S.
In this proceeding for the settlement of the account of the trustees of the residuary trust, application is made for construction of paragraph Tenth of the will, the text of which here follows: “ Tenth: If any of my grandchildren, children of my daughter, Sadie V. Levy, who shall not have married prior to my death, shall marry thereafter and before the termination of the trust hereinbefore created in paragraph ‘ Ninth ’ hereof, then I direct that there shall be paid over to each such grandchild of mine so marrying, on his,or her wedding day, the sum of one hundred thousand ($100,000.) dollars, out of the corpus of said trust estate, provided that such grandchild *683 shall so marry with the consent of his or her parents or parent then living. * * * Such sum of one hundred thousand ($100,000.) dollars so paid over to any such grandchild of mine shall be deemed an advance on account of the share of my estate which such grandchild or his or her issue shall be entitled to receive on the termination of said trust estate.5 ’
Bernice L. Schatten, one of the two children of deceased’s daughter Sadie V. Levy, and a remainderman of the trust accounted for, survived the testator and married for the first time one year after his death without having first obtained the consent of either of her then living parents. According to the stipulation of facts which constitutes the record on which the decision will rest the marriage was dissolved by divorce eight years after its inception. She thereafter remarried, again without obtaining the consent of her parents, and was divorced a second time in 1951. In July, 1953, with her mother’s consent, she entered upon a third marriage which terminated upon her divorce in 1954 though she has since remarried her third husband. She argues that under the text of the will just cited she is entitled to a payment from the trust of $100,000 by reason of the fact that her mother’s consent to the third marriage was obtained prior to her embarking upon it.
The special guardian for infants who would share in the distribution of the remainder in the event that her mother, Mrs. Schatten, died prior to the termination of the trust, insists that the bequest was intended to take effect only in the event that the condition of consent was satisfied with reference to the first marriages of the grandchildren of the testator. He cites in support of this argument the decision in United States Trust Co. v. Baes (124 Misc. 48, affd. 216 App. Div. 807, affd. 245 N. Y. 514). The opinion in that case refers to certain English authorities which are said to establish the rule. Neither the Baes case nor the decisions upon which it relies can be said to furnish a firm foundation for the principle for which the special guardian contends.
The granddaughter argues that the bequest offends public policy as a violation of the doctrine enunciated in Matter of Liberman (279 N. Y. 458) holding that a condition prohibiting the marriage of a legatee without the consent of a third person is invalid if the third person will benefit by declining consent. Sadie V. Levy, the mother of Bernice L. Schatten, is the life beneficiary of the residuary trust and a trustee under the will. By withholding her consent to the marriage of her daughter it could be said that she would profit by her action in doing so but the fact is that she has expressly approved the granting of the *684 application and is willing that the payment of $100,000 be made at this time.
Research of counsel and the court has disclosed singularly little authority bearing upon the question at bar. The language of the will itself does not suggest that the testator intended the bequest to take effect only in the event that consent to the firs' marriage of the grandchild was obtained. The inference could, of course, be drawn that he intended to withhold from the legatee the benefit of his generosity so long as he or she remained married to an individual not deemed suitable by the legatee’s parents. It must be presumed, however, that he anticipated the possibility of the termination of such a marriage by death or divorce making a subsequent marriage or marriages possible. If any later marriage met with the approval of the legatee’s parents there is nothing in this will which would suggest that the testator intended to have the legacy withheld. Since these are the circumstances which presently obtain Mrs. Schatten has shown herself to be entitled to the payment of $100,000 from the corpus of the trust and the trustees are directed to comply with her demand for payment. The other objections of the special guardian are overruled for the defense of laches has not been established in light of the fact that demand for payment was made promptly upon the happening of the condition creating the right under the will.
Compensation of Messrs. Davidson, Sicher & Levy, Messrs. Austrian & Lance and Messrs. Jaffin, Schneider, Kimmel & Galpeer is fixed in the amount requested. The fees of Messrs. Paul, Weiss, Rifkind, Wharton & Garrison for legal services rendered to the widow are fixed in the amount of $2,000, of which amount $1,000 is chargeable against the principal of the residuary trust, the balance against the interest of Sadie Y. Levy. Commissions to the estate of the deceased trustee are denied in light of the fact that during his lifetime he consistently refused to accept any compensation from the trust for the services which he rendered. The executors have indicated their willingness to continue this practice and the court approves their action in so doing.
Submit decree on notice construing the will in accordance with the foregoing and settling the account as indicated in the foregoing ruling's,