In the Matter of the Estate of PAUL APPENZELLAR, Deceased.

Surrogate's Court, Westchester County, October 26, 1966.

*Simpson, Thacher & Bartlett* for petitioner. *Louis J. Lefkowitz, Attorney-General (Sarel M. Kandell* of counsel), for charitable beneficiaries. *Frederick J. Martin, Jr.,* special guardian.

OTTO C. JAEGER, S. In this accounting proceeding by the surviving trustee, the question is presented as to whether or not the deceased cotrustee effectively waived the commissions to which she, otherwise, would have become entitled as such trustee

or, if not, the amount of compensation to be awarded the executor of such deceased cotrustee. The only other question presented for determination relates to the apportionment of an annuity by reason of the death of the annuitant.

The decedent died on August 15, 1953, and the will was admitted to probate and letters of trusteeship of certain trusts were issued to the widow of testator on September 17, 1953. From the date of their issuance until the date of her death, such trustee did not receive, or make any request to receive, any commissions or other compensation for her services as trustee, although her cotrustee received annual income commissions from the date of his appointment to the present time. Testator's widow informed counsel for the trustees that she did not wish to receive any commissions as a cotrustee, either upon principal or income of the trust, and this declination or waiver of commissions was confirmed by her in each of the years during which she acted as a cotrustee.

The court determines that such deceased cotrustee effectually waived her commissions as a cotrustee by reason of her conduct, having consistently refused to accept any commissions or other compensation as such cotrustee, and having repeatedly indicated her intention not to receive commissions upon income or principal for her services as a cotrustee. An award of compensation in lieu of commissions to the executor of the deceased cotrustee is denied (see Matter of Vesell, 1 Misc 2d 682).

By article "SEVENTH" of the will, testator provided for certain trusts of the residuary estate and directed the trustees to pay to his wife from principal the sum of $8,000 annually in equal quarterly installments. On August 15, 1965, the trustees paid the quarterly installment of $2,000 becoming due on that date. The annuitant died on October 18, 1965. The question as to whether the executor of the will of the deceased annuitant is entitled to a prorata share of the quarterly installment, which would have become payable on November 15, 1965, depends upon whether the annuity is apportionable pursuant to section 204 of the Surrogate's Court Act, or whether the common-law rule is applicable.

Under section 204 of the Surrogate's Court Act, the next quarterly payment would be apportionable and the estate of the deceased trustee would be entitled to a prorata share of such installment. Chapter 336 of the Laws of 1965, section 2, effective June 1, 1965, repealed section 204 of the Surrogate's Court Act. Section 1 of chapter 336 of such laws enacted article 2-A of the Personal Property Law. Subdivision 4 of section 27-c of said article, relating to annuities, embraces only annuities payable

from income and does not include annuities payable from principal. Section 27-m defines the application of said article and provides for the retroactive application, among other sections, of section 27-c, but such article does not embrace an annuity payable from principal.

At common law, upon the death of an annuitant during the period provided by the will, the annuity was not apportionable. The legal representatives of the deceased annuitant, therefore, were denied a prorata share of the annuity upon the theory that no part of the annuity became due until the date for payment arrived (*Kearney* v. *Cruikshank*, 117 N. Y. 95).

The annuitant, having died on October 18, 1965, after the repeal of section 204 of the Surrogate's Court Act and the enactment of section 27-c of the Personal Property Law, and it appearing that there is now no statutory rule of apportionment applicable to an annuity payable from principal, the common-law rule with respect to annuities is determined to be applicable, depriving the annuitant of a prorata share of the quarterly installment which would have become payable on November 15, 1965.